# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 08-CR-0021-CVE ) |
| DEMARCO DEON WILLIAMS, | ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is defendant's Opposed Motion to Expunge, Motion for Hearing on Motion to Expunge, and Brief in Support (Dkt. ## 84, 85). Defendant asks the Court to expunge "all records of this case" and records of a prior criminal case, United States v. DeMarco Deon Williams, 04-CR-167-HDC (Williams I),[1] because his convictions were set aside due to alleged police misconduct. The government opposes defendant's motion and argues that it has a strong interest in maintaining the records of defendant's criminal proceedings.

**I.**

On October 7, 2004, a grand jury returned an indictment charging defendant with two counts of possession of cocaine base (crack) with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm after former felony conviction. Williams I, Dkt. # 1. The government filed an enhancement information stating that defendant had three prior convictions for felony drug offenses, and that defendant was subject to a mandatory minimum sentence of life imprisonment if convicted of either count of possession of cocaine base (crack) with

---

[1] All docket numbers referenced in this Opinion and Order refer to this case, 08-CR-21-CVE, unless the citation specifically refers to Williams I.

intent to distribute. Williams I, Dkt. # 45. Defendant's trial was delayed numerous times after defendant could not work with counsel appointed to represent him, and his trial did not begin until October 24, 2005. The jury found defendant guilty on all four counts. Following trial, defendant objected to the enhancement of his sentence due to prior felony drug offenses, and argued that he was not the "DeMarco Williams" charged in the other cases. The Honorable H. Dale Cook rejected defendant's argument and found that the prior convictions could be used to enhance defendant's sentence under 21 U.S.C. § 841(b). Williams I, Dkt. # 108. Based on his prior convictions, defendant was subject to a mandatory life sentence on each of the drug counts. Judge Cook sentenced defendant to concurrent life sentences on each of the drug counts. Williams I, Dkt. # 118, at 2.

Defendant appealed his convictions and sentence to the Tenth Circuit Court of Appeals. He argued, inter alia, that he did not receive a speedy trial, because the district court improperly construed a speedy trial waiver he executed on February 14, 2005 as an open-ended waiver and he did not indefinitely waive his right to a speedy trial. The Tenth Circuit found that defendant's rights under the Speedy Trial Act, 18 U.S.C. § 3161, were violated, and reversed defendant's convictions and sentence. United States v. Williams, 511 F.3d 1044 (10th Cir. 2007). The Tenth Circuit remanded the case with instructions for the district court to consider whether the indictment should be dismissed with or without prejudice. On remand, Judge Cook dismissed the indictment without prejudice to refiling. United States v. Williams, 532 F. Supp. 2d 1323 (N.D. Okla. 2008).

On February 6, 2008, a second grand jury returned an indictment alleging the same charges as the indictment in Williams I, and the case was assigned to the undersigned. Dkt. # 2. Defendant filed numerous pretrial motions to suppress or exclude evidence, to obtain the identity of an alleged

2

informant, and to gain access to certain evidence that he believed could be used to impeach a government witness. Defendant's motions were denied and the case proceeded to trial. See United States v. Williams, 2008 WL 1732954 (N.D. Okla. Apr. 10, 2008) (denying defendant's motions to suppress physical evidence and statements made by defendant following his arrest); United States v. Williams, 2008 WL 938957 (N.D. Okla. Apr. 7, 2010) (denying defendant's requests for information concerning the identity of a confidential informant and for production of a police officer's personnel file). The jury convicted defendant of both counts of possession of cocaine base (crack) with intent to distribute (counts one and four) and of possession of a firearm after former felony conviction (count three), but the jury found defendant not guilty of possessing a firearm in furtherance of a drug trafficking crime (count two). Dkt. # 44. Defendant was sentenced to life imprisonment as to counts one and four and 120 months as to count three, and each sentence was ordered to run concurrently with the other. Dkt. # 49, at 2. Defendant appealed his convictions and sentence to the Tenth Circuit, and the Tenth Circuit affirmed the judgment entered by this Court. United States v. Williams, 576 F.3d 1149 (10th Cir. 2009).

In March 2010, the government moved Court to vacate defendant's convictions and sentence and set the matter for a new trial, and the Court granted the government's motion. The government reviewed the evidence and chose not to retry the case. Instead, the government moved to dismiss the indictment, and the Court granted the government's motion. The Tulsa World reported that defendant was released from prison as part of ongoing investigation into police corruption at the Tulsa Police Department (TPD). In an article published on May 4, 2010, the Tulsa World described the circumstances leading to the filing of criminal charges against defendant and his eventual release from prison. Dkt. # 87-7, at 15-16. The Tulsa World maintains a list of all persons who have been

3

released from prison due to alleged police misconduct and this list is available on the Internet. The same list is part of numerous articles concerning the police corruption investigation. Id. at 20-21. The government states that information about the police corruption scandal and defendant's case in particular is available on the Internet, and has provided copies of the following articles or postings on the Internet:

- Omer Gillham, *Sentences in Another Drug Case Vacated*, TULSA WORLD, May 4, 2010, http://www.tulsaworld.com/site/printerfriendlystory.aspx?articleid=20100504_11_A1_Amanwh543588&achive=yes

- Omer Gillham, *5 TPD Officers Indicted*, TULSA WORLD, July 21, 2010, http://www.tulsaworld.com/site/printerfriendlystory.aspx?articleid=20100721_11_A1_Indict239075&archive=yes

- *Police Corruption Shakes Up Tulsa Police Department*, http://unifiedsociety.com/blog/police-corruption-shakes-tulsa-police-department

- Omer Gillham, *Sentences in Another Drug Case Vacated*, http://allbusiness.com/crime-law/criminal-offenses-conspiracy/14391798-1.html

- Stephanie Simon, *Scandal Roils Tulsa Police*, Wall Street Journal, December 10, 2010, http://online.wsj.com/article/SB20001142405274870472080457600981286926014.html

- Kevin D. Adams, Tulsa Police Corruption Investigation, http://www.oklahomacriminallaw.com/TPD%20Corruption.htm

- An Injunction May By Sought in Civil Cases Related to Tulsa Police Corruption Scandal, http://www.poten.com/NewsDetails.aspx?id=10917098

Defendant was interviewed by the Tulsa World and stated that he plans to file a civil lawsuit for alleged civil rights violations. Omer Gillham, *Freed Man Discusses Overturned Conviction*, TULSA WORLD, June 27, 2010, http://www.tulsaworld.com/news/article.aspx?subjectid=14&articleid=20100627_11_A4-DeMarc118630. The article also contains statements by

4

defendant's attorney, Fred Randolph Lynn, about the existence of defendant's convictions, and the judicial decisions ruling on motions filed by defendant in both of his criminal cases are available on Westlaw, LexisNexis, and other legal research sources on the Internet.

On July 19, 2010, a grand jury returned an indictment against TPD Officers Jeff M. Henderson and William A. Yelton for, inter alia, violating the civil rights of persons by giving false testimony in criminal cases, tampering with witnesses, and using false or non-existent evidence to obtain search warrants. United States of America v. Jeff M. Henderson and William A. Yelton, 10-CR-117-BDB (N.D. Okla.). Henderson was a key witness against defendant in court hearings and both trials and, in particular, Henderson prepared the affidavit that was used to obtain a search warrant of defendant's property. Williams, 2008 WL 173295 at *1. Other indictments have been returned against other TPD officers and an agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives. See United States of America v. Harold R. Wells, Nick DeBruin, and Ernest Bruce Bonham, 10-CR-116-BDB; United States of America v. John K. Gray, 10-CR-74-BDB; United States of America v. Brandon Jay McFadden, 10-CR-58-BDB. Brandon McFadden and John Gray have pled guilty to federal offenses, but the other cases against TPD officers are set for trial.

## II.

Defendant asks the Court to expunge "all records" of Williams I and this case, because his convictions were invalidated due to a constitutional violation and "illegally obtained through government misconduct." Dkt. # 84, at 11. Defendant states that he has "experienced extreme difficulty in finding employment, and in generally establishing a life and identity for himself because of the unconstitutional convictions at issue in this case." Id. at 13. The government responds that defendant fails to identify the records he seeks to have expunged and defendant fails to acknowledge

5

that records relating to this case are maintained by various agencies of the local, federal, and state governments. Dkt. # 87, at 6. In addition to governmental records, the government argues that there is an extensive amount of information available to the public through non-governmental sources, and expunging court records would provide little or no benefit to defendant. Id. at 9-11.

The Tenth Circuit has stated that a district court has "inherent equitable authority to order the expungement of an arrest record or a conviction in rare or extreme instances."[2] Camfield, 248 F.3d at 1234. Expunction may be appropriate in cases when a "conviction is somehow invalidated, such as by a finding that it was unconstitutional, illegal, or obtained through government misconduct, a federal court may, in appropriate cases, grant expungement." United States v. Pinto, 1 F.3d 1069, 1070 (10th Cir. 1993). A court must balance "the Government's need to maintain extensive records in order to aid in general law enforcement and the individual's right of privacy."

---

[2] The government asserts that the Court lacks jurisdiction over defendant's motion to the extent that defendant seeks to expunge anything other than judicial records. Dkt. # 87, at 13. Tenth Circuit precedent clearly allows the Court to hear a request to expunge court records, but it is not clear that this Court has jurisdiction to consider a motion to expunge records maintained by other governmental agencies. Other courts have consistently held that federal district courts lack jurisdiction over requests to expunge records held by other branches of the federal government and, in light of the Supreme Court's decision in Kokkenen v. Guardian Life Insurance, 511 U.S. 375 (1994), some courts have found that federal courts may not exercise ancillary jurisdiction over any motion to expunge criminal records. United States v. Lucido, 612 F.3d 871 (6th Cir. 2010) (federal courts lack jurisdiction over motion to expunge records of the Federal Bureau of Investigation); United States v. Coloian, 480 F.3d 47 (1st Cir. 2007) (480 F.3d 2007) (district court lacked jurisdiction to hear request to expunge court records, because expunction does relate to the management of court proceedings or to the enforcement of a court order). The Seventh Circuit has held that district courts do have jurisdiction to hear a motion to expunge judicial records after Kokkenen. United States v. Flowers, 389 F.3d 737 (7th Cir. 2004). The Tenth Circuit has considered a request to expunge court records from criminal cases without mention of Kokkenen, and the Court will not dismiss defendant's motion to expunge for lack of jurisdiction. Camfield v. City of Oklahoma City, 248 F.3d 1214, 1234 (10th Cir. 2001). However, to avoid a jurisdictional issue, the Court will limit consideration of defendant's motion to the expunction of records maintained by this Court.

United States v. Linn, 513 F.3d 925, 927 (10th Cir. 1975). A defendant's allegations that a conviction has given rise to collateral social stigma associated with a criminal conviction is not enough to justify expunction of court records unless the defendant can show that the circumstances are unusually compelling. United States v. Friesen, 853 F.2d 816, 818 (10th Cir. 1988).

The Court initially notes that defendant's characterization of the events leading to the dismissal of the charges against him is misleading, and it is not clear that defendant has established any ground for the Court to consider his request to expunge records of his conviction. Defendant's use of the term "unconstitutional conviction" implies that the Court set aside defendant's convictions for a constitutional violation. See Dkt. # 84, at 13. It is true that the government asked the Court to vacate defendant's convictions and sentence due to allegations of police misconduct, and the government acknowledged that defendant had the right to discover certain evidence under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). However, the government was not required to seek dismissal of the criminal charges against defendant due to the possibility that one of its witnesses could be impeached with Giglio evidence. Instead, the government elected to request dismissal of the case due to its review of the evidence, rather than to proceed to trial without the testimony of Giglio-tainted witness or risking trial with the same testimony. The Court did not dismiss the indictment based on a constitutional violation as defendant suggests, nor did the Court make a finding that defendant was actually innocent of the charges against him. It would be more accurate to characterize the dismissal of the charges against defendant as an exercise of prosecutorial discretion, rather than defendant's characterization that his convictions were obtained in violation of the United States Constitution. Even though it is unclear that defendant has established any ground for the Court to consider his request for expunction, the

Court will assume that a Brady/Giglio violation is a sufficient predicate for a motion to expunge records of a conviction.

Defendant argues that "he has experienced extreme difficulty in finding employment, and in generally establishing a life and identity for himself because of the unconstitutional convictions as issue in this case," and he requests an evidentiary hearing to elicit more specific information about the social stigma associated with his convictions.[3] A district court is often required to have an evidentiary hearing to develop a factual record to assess a defendant's claim that harm to reputation or social stigma rises to the level of extraordinary circumstances. Friesen, 853 F.2d at 818 (reversing district court's decision to expunge records due to insufficient factual record and remanding for evidentiary hearing). The government responds that defendant has not identified the records to be expunged with sufficient clarity and granting the relief sought by defendant is unwarranted. For the purpose of ruling on defendant's motion, the Court will assume that defendant has experienced difficulty in finding employment and other social stigma related to his convictions.

The government has produced numerous public records and information available on the Internet, and argues that expunging court records will provide little or no assistance to defendant in terms of the difficulties he has alleged. These records include judicial decisions available on Westlaw and other legal research web sites, written decisions maintained on the Tenth Circuit's website, newspaper articles published in the Tulsa World, and articles and postings on numerous web sites. Dkt. # 87, at 8-11. The government also states that defendant has also been convicted three times in Tulsa County District Court, and those records are maintained by the state courts. Id.

---

[3] The Court notes that this statement is defendant's entire argument in support of his motion to expunge records, and most of his motion details the extensive procedural history leading to his convictions in Williams I and this case.

8

at 12. Even if the Court were to grant defendant's motion, other sources of information will not be required to expunge any records or remove any content from the Internet. It is also likely that the Tulsa World and other sources will continue run stories about the ongoing investigation into alleged police corruption at TPD, and many of these future stories may contain information about defendant. Defendant also gave an interview to the Tulsa World and discussed the circumstances leading to his arrest and conviction. This shows that defendant's conduct is a substantial reason that his convictions are known to the general public. The Court will assume that expunging court records would provide some benefit to defendant, but finds that he has not shown that expunction will substantially limit the amount of information available to the public about Williams I and this case.

The government also argues that the judicial system has an interest in maintaining records of the proceedings in Williams I and this case. The Court finds that this factor should be given significant weight when criminal charges are pending against the police officer allegedly responsible for violating defendant's civil rights, and defendant has stated that he intends to file a civil lawsuit against the City of Tulsa and police officers who allegedly engaged in misconduct. Defendant's motion to expunge records describes at length the alleged police misconduct leading to his conviction, and Henderson is the primary actor in the events leading to defendant's arrest. The court records defendant seeks to expunge may have some relevance for the government or Henderson in Henderson's criminal case, and defendant may also need these same records to effectively proceed with a civil lawsuit. Defendant's motion does not address the government's need to maintain records of defendant's criminal cases, but this is an important consideration in any case when a criminal defendant seeks the expunction of court records. The Court finds that the pending criminal

charges against Henderson and the likelihood that defendant will file his own civil lawsuit provide a strong reason for the Court to maintain records of defendant's criminal proceedings.

The Court finds that defendant's motion to expunge should be denied. Defendant has a privacy interest in expunging records of his conviction, but this interest will not be advanced by granting the relief that defendant seeks. Defendant overlooks the fact that the records maintained by this Court are not the only sources of information about defendant's convictions. There is a significant amount of information, including an interview given by defendant, available on the Internet. The government also has a present use for the same court records, because the alleged police misconduct leading to the vacation of defendant's convictions is the subject of an ongoing criminal case. It is reasonable to infer that records from defendant's case may be needed as evidence for the government or the defendants in the pending criminal cases against TPD officers. Defendant may also need access to court records from his criminal case if he intends to pursue a civil lawsuit against the City of Tulsa or against individual TPD officers involved in his criminal case. Given the minimal benefit to defendant from expunging court records and the government's strong need to maintain the court records of <u>Williams I</u> and this case, the balance of interests strongly favors the government and defendant's motion to expunge court records should be denied.

**IT IS THEREFORE ORDERED** that defendant's Opposed Motion to Expunge, Motion for Hearing on Motion to Expunge, and Brief in Support (Dkt. ## 84, 85) is **denied**.

**DATED** this 7th day of February, 2011.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT